THOMAS R.W., By and Through his next
Friends PAMELA R. and Edward W.,
Plaintiffs, Appellants,

v.

MASSACHUSETTS DEPARTMENT OF
EDUCATION, et al., Defendants,
Appellees.

No. 97–1477.

United States Court of Appeals,
First Circuit.

Heard Sept. 4, 1997.

Decided Nov. 17, 1997.

Stewart T. Graham, Jr., Hampden, MA, with whom Graham & Graham was on brief for Plaintiffs, Appellants.

Judy Zeprun Kalman, Assistant Attorney General, with whom Scott Harshbarger, Attorney General, Boston, MA, was on brief for appellee Massachusetts Department of Education, Peter L. Smith, with whom Paroshinsky Law Offices, Springfield, MA, was on brief for appellee Mohawk Trail Regional District.

Before STAHL, Circuit Judge,
CAMPBELL and BOWNES, Senior Circuit Judges.

**BOWNES, Senior Circuit Judge.**

This appeal was brought under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* (1996) to resolve the question of whether a disabled student in a private school is entitled to the on-site services of a one to one aide provided by the public school system. Because we find that appellant's claim for injunctive relief became moot when he graduated, we now vacate the judgment of the district court and dismiss the appeal without reaching the merits.

## BACKGROUND

Appellant Thomas R.W. (Thomas) is a fourteen-year-old, special education student who has ataxia telangiectasia, a congenital, progressive neurological disorder that results in loss of mobility control. As a student at the private, non-sectarian Greenfield Center School since kindergarten, Thomas had received physical, occupational, and speech therapy services as part of his individual education plan (IEP). Appellees Massachusetts Department of Education and Mohawk Trail Regional School District, the local education agency (collectively "LEA"), provided these services to Thomas at the private Greenfield School.

Because of his ongoing physical difficulties, Thomas came to require the full-time help of an instructional aide to assist him in the classroom. Although his parents and the LEA both agreed with the necessity of an aide, their dispute centered on whether the LEA would fund an aide at the private school. The parents wanted the LEA to provide an aide for Thomas at the private Greenfield School; the LEA offered to pay for an aide only at the local public school, Colrain. Rejecting the IEP that called for an aide at the public school, Thomas's parents (with assistance from Greenfield) assumed the cost of an aide for on-site special education services at the private school, and sought injunctive relief against the LEA in an appeal to the Bureau of Special Education Appeals (BSEA).

At the hearing before the BSEA, Thomas argued that the LEA was not only permitted to fund an aide at the private school, but that the IDEA required such funding for on-site services, relying on *Zobrest v. Catalina Foothills Sch. Dist.,* 509 U.S. 1, 113 S.Ct. 2462, 125 L.Ed.2d 1 (1993) (providing a sign language interpreter at parochial school under IDEA does not violate establishment clause). The LEA maintained that its statutory obligations under the IDEA were fulfilled by offering Thomas a "genuine opportunity for equitable participation" in special education services available at the public school. The BSEA hearing officer ruled that the LEA was not legally obligated to fund an aide at the private school because Thomas's IEP,

which made an aide available at the public school, provided for a free appropriate public education (FAPE), thereby satisfying the LEA's responsibility under the IDEA.

Thomas sought review of the BSEA decision in the district court (Neiman, U.S.M.J. presiding), which found that Thomas's parents "ha[d] not borne their burden of demonstrating the central element of their case—the inappropriateness of the IEP." The district court found that, to establish a claim under the IDEA, a plaintiff must first make a threshold showing that the IEP was inappropriate. An IEP is inappropriate if it denies the student a FAPE. *See School Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 374, 105 S.Ct. 1996, 2005, 85 L.Ed.2d 385 (1985) ("If a handicapped child has available a free appropriate public education and the parents choose to place the child in a private school or facility, the public agency is not required ... to pay for the child's education at the private school or facility."); 34 C.F.R. § 300.403 (1984). In fact, the BSEA hearing officer had determined that neither the appropriateness of the IEP, nor the ability and willingness of the LEA to implement it, was in dispute. Because Thomas failed to establish this essential element of his claim—that his IEP was inappropriate—the magistrate judge recommended granting defendant LEA's motion for summary judgment.

Upon de novo review, the district court (Ponsor, J.), adopted the magistrate's recommendation, holding that Thomas had failed to show as a matter of law that his IEP was inadequate to provide him with a FAPE. In entering summary judgment for the LEA, the district court prudently declined to address the constitutional issues regarding *Zobrest* raised in dicta by the magistrate. Thomas filed this appeal.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, affirming only where there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

## DISCUSSION

Article III, § 2 of the Constitution grants jurisdiction to federal courts to adjudicate only live cases or controversies. U.S. Const., art. III, § 2, cl. 1. For a case to be justiciable, "an actual controversy must exist at all stages of appellate ... review, and not simply at the date the action is initiated." *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, or alternatively, when the party invoking federal court jurisdiction no longer has a personal stake in the outcome of the controversy." *Boston and Maine Corp. v. Brotherhood of Maintenance of Way Employees*, 94 F.3d 15, 20 (1st Cir. 1996) (internal citations omitted). "A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law § 3–11, at 83 (2d ed.1988) (internal quotations omitted).

Thomas's graduation from the private Greenfield School last spring, and matriculation into the public Mohawk Trail Regional High School this fall, mooted the issue for which he sought relief. Since his graduation, Thomas no longer meets the live case or controversy requirement of Article III, § 2. In the absence of a live case or controversy, this case is moot and therefore, we lack jurisdiction to rule on the merits of appellant's claim.

The rationale for the mootness doctrine is predicated on judicial economy—saving the use of the court's scarce resources for the resolution of real disputes. To avoid the relitigation of an otherwise moot question, however, the mootness doctrine countenances an exception for issues "capable of repetition, yet evading review." *Roe*, 410 U.S. at 125, 93 S.Ct. at 713. To preserve a case from mootness under this exception, two requirements must be met: "(1) the challenged action was in its duration too short to be fully

litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Pallazola v. Rucker*, 797 F.2d 1116, 1129 (1st Cir.1986) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)). The possibility that other parties may subsequently bring a similar claim does not save a case from mootness. *Lane v. Williams*, 455 U.S. 624, 634, 102 S.Ct. 1322, 1328, 71 L.Ed.2d 508 (1982).

Though IEP claims similar to Thomas's have been found to fit the "capable of repetition, yet evading review".exception, *see Honig v. Doe*, 484 U.S. 305, 318, 108 S.Ct. 592, 602, 98 L.Ed.2d 686 (1988), Thomas has not demonstrated a "sufficient likelihood that he will again be wronged in a similar way." *Id.* at 323, 108 S.Ct. at 604 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983)). In *Honig*, the Court retained jurisdiction where there was a reasonable likelihood that respondents would again suffer the deprivation of IDEA-mandated rights that gave rise to the suit. There, given the erratic nature of plaintiff's disability, it was reasonably expected that plaintiff would again be subjected to a violation of the IDEA for conduct related to his disability. *Id.* at 319–20, 108 S.Ct. at 602–03. Thomas, however, has not adduced any evidence to conclude that there is a reasonable expectation that his situation will recur. Because Thomas cannot reasonably be expected to re-enroll at the Greenfield School, nor has he declared an intention to transfer to a private high school, this case does not fall within an exception to the mootness doctrine.

■ Although appellant concedes that "the injunctive relief originally sought . . . is now moot," he argues that his claim for reimbursement preserves the case. If pled in the alternative or otherwise evident from the record, "a claim for damages will keep a case from becoming moot where equitable relief no longer forms the basis of a live controversy." Tribe, *supra* at 84. A review of the record on appeal, however, demonstrates that Thomas failed to articulate a claim for damages in the district court, where

he sought only injunctive and declaratory relief.

■ Appellant's scant two paragraph argument seeking reimbursement—first raised in his reply brief—falls short of the requisite timeliness and formulation necessary to preserve a claim for damages. Arguments raised for the first time in a reply brief filed in this court come too late to be preserved on appeal. Because "an appellee is entitled to rely on the content of appellant's brief for the scope of the issues appealed, an[ ] appellant generally may not preserve a claim merely by referring to it in a reply brief or at oral argument." *Pignons S.A. de Mecanique v. Polaroid Corp.*, 701 F.2d 1, 3 (1st Cir. 1983). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. . . . It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990).

■ Nor does the general prayer for "such further relief as this court deems just and proper," Complaint ¶ 35e, operate to preserve a request for damages in order to avoid mootness where there is no specific request and no evidence to sustain a claim for reimbursement. "[A] claim for nominal damages, extracted late in the day from [plaintiff's] general prayer for relief and asserted solely to avoid otherwise certain mootness, b[ears] close inspection." *Arizonans for Official English v. Arizona*, —— U.S. ——, ——, 117 S.Ct. 1055, 1070, 137 L.Ed.2d 170 (1997). In *Arizonans*, the Supreme Court last term declined to revive an otherwise moot case based on a claim for nominal damages wrested from a general prayer for relief. On close inspection, appellate courts "are especially reluctant in these circumstances to read a damages claim into the Complaint's boilerplate prayer for 'such other relief as the Court deems just and proper.'" *Fox v. Board of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 141–2 (2d Cir.1994) (rejecting claim for damages based on general prayer for relief proffered to save a case from mootness). Thomas's reimbursement claim was too little, too late. Consequently, that claim

is deemed waived and therefore cannot supply the residual live controversy necessary to preserve his entire case from being mooted.

## CONCLUSION

"As a general rule, when a case becomes moot on appeal ... we vacate the district court's decision and remand with a direction to dismiss." *Newspaper Guild of Salem v. Ottaway Newspapers,* 79 F.3d 1273, 1285 n. 15 (1st Cir.1996) (*accord United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950)). We do not resolve the question raised by the merits of this appeal: whether special education services under the IDEA must be offered to a student at a private school by the LEA where the LEA has proposed and is capable of implementing an appropriate IEP. We lack jurisdiction to decide this question. The judgment below is *vacated,* and the case is *remanded* with direction to *dismiss* the complaint as moot.