**Pedro MENDEZ SOTO,
et al., Plaintiff(s)**

v.

**Hon. Anabelle RODRIGUEZ,
et al., Defendant(s).**

**Civil No. 02–1608(JAG).**

United States District Court,
D. Puerto Rico.

March 4, 2004.

Francisco R. Gonzalez–Colon, F.R. Gonzalez Law Office, San Juan, PR, for Plaintiffs.

Carlos Del–Valle–Cruz, Ivonne Palerm–Cruz, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiffs Pedro Méndez–Soto ("Méndez–Soto") and Alberto Medina–Velázquez, ("Medina–Velázquez") both in their personal capacity and as officers of the "Junta de Técnicos del Registro de la Propiedad, Inc." ("JTRP") filed a Civil Rights Act suit, seeking damages, declaratory and injunctive relief under 42 U.S.C. § 1983.

The named defendants are: Attorney General, Hon. Anabelle Rodríguez; Property Registry Director, Delia Castillo–De Colorado; and Human Resources Director, Deliabel Aponte–Torres, all sued in their personal capacity and in their official capacity as employees of the Department of Justice of Puerto Rico. (Docket No. 1.) Pending before this court are the objections to the Magistrate Judge Report and Recommendation presented by both parties (Dockets Nos. 26–30).

## PROCEDURAL BACKGROUND

On April 22, 2002, plaintiffs filed their complaint alleging that defendants violated their constitutional rights guaranteed under the First and Fourteenth Amendment of the United States Constitution when defendants imposed disciplinary sanctions upon plaintiffs (Docket No. 1 at 14–15). Plaintiffs further request the court to consider, as a matter of supplemental jurisdiction, a monetary claim for the government's disparity in the assignment of funds under Law No. 363. Plaintiffs contend that as an act of retaliation, the Department of Justice eliminated seniority increases, merit increases, differentials, bonuses and special benefits (*Id.* at 16).

Concomitant to the complaint, plaintiffs filed a motion for a temporary restraining order or a preliminary injunction (Docket No. 2). The court denied the "TRO", but arranged a preliminary injunction hearing for April 26, 2002 (Docket No. 3). The preliminary injunction was denied at the hearing.

On April 25, 2002, defendants filed a motion to dismiss and/or for summary judgment in response to plaintiffs' complaint arguing, inter alia, that: 1) under First Circuit law they did not violate plaintiffs' First Amendment rights, 2) they are entitled to qualified immunity and 3) the Eleventh Amendment barred the supple-

mental jurisdiction state-law claim (Docket No. 4).

On May 16, 2002, plaintiffs filed an opposition to defendant's motion to dismiss and/or for summary judgment, arguing that as a matter of law defendants have politically persecuted plaintiffs in retaliation for exercising their First Amendment right(Docket No. 7).

On May 30, 2002, plaintiffs filed an amended complaint to include the "Junta de Técnicos del Registro de la Propiedad, Inc."("JTRP"), a bona fide association of public service employees, as a named plaintiff to the case(Docket No. 10).

On July 22, 2002, plaintiffs subsequently filed a supplemental response to defendant's motion to dismiss and/or for summary judgment and concomitantly moved for a partial summary judgment of the First Amendment issue(Docket No. 17)

After stipulating the facts, the case was referred to Magistrate Judge Justo Arenas for a Report and Recommendation. On January 17, 2003, the Magistrate issued a report recommending that the plaintiffs' motion for summary judgment be denied, and that defendant's motion for summary judgment be granted in part and denied in part (Docket No. 25). Both parties timely opposed to the Magistrate's Report and Recommendation and presented their respective motions objecting the Magistrate's recommendations (Dockets No. 26, 27, 29, 30).

On September 24, 2003, after learning that defendants had lifted the sanctions upon plaintiffs, the court ordered both parties to submit simultaneous, supplemental briefs on the issue of mootness (Dockets No. 33–35).

## FACTUAL BACKGROUND [1]

Law No. 363 of September 2, 2000 ("Law 363") provided a 100% salary increase for the technicians of the Property Registry of Puerto Rico, in recognition of the important public service that the technicians render and its effect on the island's economy. (See, Statement of Motives, Law 363.)

Plaintiffs Méndez–Soto and Medina–Velázquez are Property Registry technicians, who are also the principal officers of "Junta de Técnicos del Registro de la Propiedad, Inc."("JTRP"). The "JTRP" is an association of public service employees that is comprised of over 300 Property Registry technicians from all over the island.

Plaintiffs were informed that the Governor's Office had filed an Administrative Proposal with the Legislature of Puerto Rico to abrogate the salary increase provided under Law 363. The Attorney General, co-defendant Anabelle Rodríguez, personally appeared and testified in front of the House of Representatives' Treasury Commission to present the Governor's official position opposing the salary increase provided by Law 363. Plaintiffs later appeared in front of the same Commission to present their position against the Administrative Proposal and in favor of the salary increase.

On Monday, June 25, 2001, about 300 Property Registry technicians went to the Puerto Rico legislature to lobby against the Administrative Proposal. After much debate, the Governor's Office Administrative Proposal was defeated in the Legislature and Law 363 remained in effect.

Plaintiffs assert that most of the 300 technicians that attended the Legislature

---

1. Factual background was taken from Magistrate Judge Justo Arena's Report and Recommendation (Docket No. 25).

debates on June 25, 2001 requested a leave of absence for that day by presenting an OP–13 form. The OP–13 is the form customarily used by government employees to charge absences to vacation or compensatory time. Other technicians were treated by their physicians and requested a sick leave. That same Monday, co-defendant Delia Castillo de Colorado[2] contacted all of the 29 Property Registries in Puerto Rico and requested from the supervisors a memorandum containing the names of all the technicians that were absent that day.

On July 5, 2001, co-defendant Anabelle Rodríguez sent a letter to all the technicians that were absent on the day in question, notifying them of the Department of Justice's decision to discount the absent day from their salaries and to sanction them with a three-day salary employment suspension. The letter informed the plaintiffs of their right to solicit an informal administrative hearing. Accordingly, 175 of the 195 technicians who received letters requested the informal hearing.

Co-defendant Anabelle Rodríguez appointed Sara Gregory Mora to preside over the hearings and to submit a report and recommendation on each of the technicians that requested the informal hearing. The evaluation reports were submitted, recommending the disciplinary action only in those cases where the employee was not able to present evidence that the absence was authorized. Eventually, the Department of Justice began to serve a number of technicians with disciplinary-sanction letters.

Subsequently, on August 15, 2003, co-defendant Anabelle Rodríguez sent a letter to the sanctioned technicians lifting the disciplinary measures imposed previously.[3]

**2.** Co-defendant Castillo de Colorado is the Property Registry Director at the Puerto Rico Department of Justice.

## DISCUSSION

### I. *Mootness*

 The doctrine of mootness enforces the constitutional mandate that an actual controversy must exist at all stages of the review, not merely at the time the complaint is filed. "If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case." *See,* U.S. Const. art. III, § 2, cl. 1; *Mangual v. Rotger–Sabat,* 317 F.3d 45,60 (1st Cir.2003), *citing, County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979). In short, a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the controversy, thus rendering the relief academic. *See, City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000); *Gulf of Maine Fishermen's Alliance v. Daley,* 292 F.3d 84,88 (1st Cir. 2002), *citing, Thomas R.W. v. Mss. Department of Education,* 130 F.3d 477, 479 (1st Cir.1997).

### a. *Mootness Exception Doctrine*

 Although a finding of mootness is fatal upon a party's jurisdictional claim, the Supreme Court has elaborated a narrow exception where a plaintiff may overcome the mootness hurdle and proceed with the claim, even when the alleged illegal conduct has ceased. The Supreme Court has established that a voluntary cessation of a presumptively illegal conduct will ordinarily not moot a controversy and deprive the federal court of its power to determine the legality of the practice. *City of Mesquite v. Aladdin's Castle, Inc.,*

**3.** Although the record shows co-defendant, Anabelle Rodriguez's letter withdrawing the disciplinary sanctions, this was not considered in the Magistrate Judge Report and Recommendation.

455 U.S. 283, 289 n. 10, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). "[I]f it did, the courts would be compelled to leave [t]he defendant ... free to return to his old ways." *Id.* In accordance with this principle, the Supreme Court has announced a stringent standard for determining whether a case has been mooted by the defendant's voluntary cessation of conduct stating that, "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

Under First Circuit interpretation, the oft-called "mootness exception" doctrine will hold when "there is a reasonable expectation that the challenged conduct will be repeated following dismissal of the case." *See, D.H.L. Assocs., Inc. v. O'Gorman*, 199 F.3d 50, 55 (1st Cir.1999) (where it was unnecessary to enjoin the enforcement of a regulation that was no longer in effect, thus making the doctrine inapplicable).

More recently, *New England Regional Council of Carpenters v. Kinton*, 284 F.3d 9, 18 (1st Cir.2002), the First Circuit found plaintiff's bare allegation of the possibility that defendants may attempt to enforce the ceased conduct in other locations was insufficient to invoke the doctrine. *See also, Cruz v. Farquharson*, 252 F.3d 530, 534 (1st Cir.2001)(where the court found that plaintiffs' allegations did not meet the threshold requisite of proving that defendant's conduct is "capable of repetition, yet evading review"). The First Circuit has also expressed that this recognized, albeit, narrow exception is "not a juju, capable of dispelling mootness by mere invocation. Rather, the exception applies only if there is a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." *Oakville Development Corp. v. FDIC*, 986 F.2d 611, 615 (1st Cir.1993)(internal citation omitted).

b. *Discontinuance of official conduct*

The Supreme Court has established that the "heavy" burden of proving that an alleged wrongful behavior is not reasonably expected to recur is upon the defendant or the party asserting mootness. *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222, 120 S.Ct. 722, 145 L.Ed.2d 650 (2000), *citing, Friends of the Earth v. Laidlaw*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

Recently, in *Mangual v. Rotger–Sabat,* the First Circuit reversed a mootness finding in a case where the district court dismissed the action because the expired statute of limitation had thwarted prosecution (or official action), 317 F.3d 45, 60 (1st Cir.2003). Upon thorough discussion of the justiciability principles, the Court held that "mootness can be viewed as the doctrine of standing set in a time frame." *Id.*(internal citation omitted). The Court's reasoning for concluding that Mangual's claims were not moot was based upon its discussion of standing, where the Court held that Mangual's credible fear of being haled into court for a criminal charge was sufficient to establish standing. *Id.* at 59.[4]

The case at hand, however, is distinguishable from *Mangual.* In *Mangual* the reporters submitted evidence (an affidavit) supporting their contention that

**4.** In support of its mootness holding, the Court cited *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* where the Supreme Court stated that the standing and mootness doctrines are not completely analogous: "there are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness." 528 U.S. at 190, 120 S.Ct. 693.

Puerto Rico's criminal libel statute chilled their First Amendment right to report news. The case at hand does not revolve around a criminal statute that chills First Amendment rights through fear of prosecution. Neither have plaintiffs submitted any evidence supporting a "chilling effect" theory under the First Amendment.

In this case, the defendants argue that the probability that the same controversy will recur, involving the same complaining parties, is highly implausible. Defendants assert that since Law 363 has already been passed by the legislature, the actions that gave rise to the challenged conduct will never recur. Defendants further contend that the Secretary's withdrawal of the disciplinary sanctions and salary restitution has rendered any type of relief inappropriate.

Plaintiffs contend that the use of language in the letter that lifts the disciplinary actions indicates that defendants may be subjected to similar actions in the future. The letter expresses that co-defendant, Anabelle Rodriguez "[ ... ]was not renouncing the authority conferred to her by law to act in cases of such matter[ ... ]" This Court finds that the language used by the co-defendant can be understood as mere caveats which are usually made by government officials who are empowered by a legislative command to perform a duty, not as a threat to prosecute or chill the plaintiffs' First Amendment rights.

Given the particular and peculiar circumstances that gave rise to this action, this Court finds that defendant's actions are not capable of repetition yet evading review. Law 363 has already been passed and the circumstances in which the prospect that defendant will resume the questioned conduct are too speculative to overcome the mootness hurdle. Therefore, this Court holds that defendants have met their burden of proving that the discontinued conduct is not reasonably expected to recur, thus, effectively asserting their mootness claim. *Adarand Constructors, Inc. v. Slater*, 528 U.S. at 222, 120 S.Ct. 722, 145 L.Ed.2d 650 (2000).

II. *Pendent State Claim*

Because no federal claims to ground jurisdiction remain in this case, the supplemental state claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### CONCLUSION

In light of the foregoing, this Court **DISMISSES** plaintiffs 42 U.S.C. § 1983 claims, with prejudice, for lack of jurisdiction under Article III. Plaintiffs pendent jurisdiction claims are hereby **DISMISSED** without prejudice. All pending motions are hereby **MOOT.** Judgment shall issue accordingly.

IT IS SO ORDERED.