# United States Court of Appeals

## For the First Circuit

No. 04-2351

PEDRO MÉNDEZ-SOTO, President of the Junta de Técnicos del
Registro de la Propiedad, Inc.; ALBERTO MEDINA-VELÁZQUEZ, Vice-
President of the Junta de Técnicos del Registro de la Propiedad,
Inc.; JUNTA DE TÉCNICOS DEL REGISTRO DE LA PROPIEDAD, INC.,
representing 300 Property Registry Technicians,

Plaintiffs, Appellants,

v.

ANABELLE RODRÍGUEZ, in her personal capacity and as Secretary of
the Department of Justice of Puerto Rico; DELIA CASTILLO-DE-
COLORADO, in her personal capacity and as Property Registry
Director of the Department of Justice of Puerto Rico; DELIABEL
APONTE-TORRES, in her personal capacity and as Human Resources
Director of the Department of Justice of Puerto Rico;
PERSONS A-Z,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella, Circuit Judge,

and Hansen,[*] Senior Circuit Judge.

Francisco R. González with whom Miguel A. Verdiales-Morales,
Válery López-Torres and F.R. González Law Office were on brief for
appellants.
Jorge Martínez-Luciano, Civil Rights Legal Task Force, with

---

[*]Of the Eighth Circuit, sitting by designation.

whom <u>Roberto Sánchez-Ramos</u>, Secretary of Justice, was on brief for appellees.

———————————————

May 9, 2006

———————————————

BOUDIN, **Chief Judge**. This is an appeal from the district court's dismissal of a law suit brought on behalf of technicians working for the Property Registry of Puerto Rico. The Property Registry is attached to the Puerto Rico Department of Justice ("the Department"), and the defendants in the law suit were officials of the Department. The pertinent events can be quickly summarized.

In 2000, the Puerto Rico legislature passed Law No. 363 ("Law 363"), giving the technicians a 100 percent salary increase effective July 1, 2001. The governor sought repeal, and on June 25, 2001, as the governor's request was being debated, some 300 of the technicians went to the legislature to lobby against repeal. The technicians claim to have filed leave forms, charging time off as vacation or other permitted leave, but after the repeal effort was defeated, disciplinary action was taken.

Eventually, 47 technicians were docked one day of pay and suspended for three days (and an additional number of technicians were threatened with the same sanctions) after the Department determined that they did not have proper authorization to support their absences. The plaintiffs--an association of technicians and two of its officers--brought suit against a number of officials of the Department, claiming retaliation in violation of the technicians' first amendment and due process rights relating both to the discipline and a separate claim of withheld benefits (yet to be described).

Cross-motions were filed and referred to a magistrate judge, who recommended that a defense motion for summary judgment on the disciplinary claims be granted in part and denied in part. As to the separate claim for withheld benefits, the magistrate judge construed this as one made under Puerto Rico law--specifically, Law 363 itself--and recommended that the claim be dismissed as barred by the Eleventh Amendment. Both sides sought review of the magistrate judge's report and recommendation.

Then, in August 2002, the Department sent a letter to the affected technicians, notifying them that all existing and proposed disciplinary sanctions would be lifted. The Department nevertheless asserted that the technicians had acted improperly and said that it retained authority to sanction anyone who took leave without proper authorization. The 47 technicians who had already been disciplined appear to have been repaid any docked wages, while those technicians threatened with disciplinary action were informed that no sanctions would be imposed.

After additional briefing, the district court dismissed the main claims on grounds of mootness, Mendez Soto v. Rodriguez, 306 F. Supp. 2d 120, 125 (D.P.R. 2004) ("Mendez-Soto I"), and denied reconsideration, 334 F. Supp. 2d 62, 72 (D.P.R. 2004) ("Mendez-Soto II"). As to what it understood as the separate claim for withheld benefits under Puerto Rico law, the district court declined to exercise supplemental jurisdiction, 28 U.S.C. §

1367(c)(3) (2000).  Mendez-Soto I, 306 F. Supp. 2d at 125.  This appeal followed.

On appeal, the technicians say that the case was not moot, a claim we review de novo.  Ramírez v. Sanchez Ramos, 438 F.3d 92, 96-97 (1st Cir. 2006).  Their main argument is that the Department's conduct may be expected to recur; the technicians point out that the Department continues to defend its conduct and its authority to discipline for unauthorized absences.

Because the alleged mootness was brought about by voluntary action of the Department, it has the "formidable" burden to show that the challenged conduct "could not reasonably be expected to recur."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190 (2000); Adams v. Bowater Inc., 313 F.3d 611, 613 (1st Cir. 2002).  The circumstances of the mass lobbying effort, however, are peculiar, and a direct repetition of these events is hardly to be expected.

A principal reason for deciding a case where compensation and coercive remedies (that is, damages and injunctive relief) have no role is to provide guidance for the future.  See Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d 643, 649 (3d Cir. 1990) ("The idea behind the [Declaratory Judgment] Act was to clarify legal relationships so that plaintiffs (and possibly defendants) could make responsible decisions about the future.").  That discipline or retaliation may occur in different circumstances is thus no

argument against mootness.  Furthermore, even if the case were not moot, affording purely declaratory relief would still be a matter of equitable discretion.  Hartford Fire Ins. Co. v. R.I. Pub. Transit Auth., 233 F.3d 127, 130 (1st Cir. 2000).

Conservation Law Foundation v. Evans, 360 F.3d 21 (1st Cir. 2004), relied upon by the technicians, is easily distinguished.  There, a rule promulgated by the use of a disputed procedure expired and was re-promulgated through different means. Id. at 23-24, 26.  However, the agency continued to maintain that the disputed procedure was valid, creating a reasonable likelihood of recurrence.  Id. at 26-27.  The agency's use of the same procedure in the future, which was fairly predictable, would bring up the identical question, whereas the peculiar circumstances here are unlikely to recur.

The technicians also say in passing that their harms were not sufficiently compensated by repayment of any lost wages, but they never seriously develop such an argument, and it is thus forfeit.  Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 43 (1st Cir. 1998).  We add that the suggestion of non-monetary loss--emotional damages--is unimpressive in the context of an economic or labor dispute, although in some contexts such damages may be recoverable under 42 U.S.C. § 1983.  Chemerinsky, Federal Jurisdiction § 8.11, at 580 & n.14 (4th ed. 2003) (collecting cases).

A variant, which might have served the technicians better, would have been to argue that a claim for punitive damages remained alive, but no such claim is pressed on the appeal. Once again, the claim is hardly promising: the Department offered informal hearings before disciplinary action was imposed and distinguished between those who it thought had authorization for their absence and those who did not. This would hardly be a straightforward case for punitive damages.

The more interesting question on this appeal concerns the secondary claim for withheld benefits. According to the technicians, Law 363 assigned $10.6 million to the Department to be disbursed to the technicians in fiscal years 2001 and 2002 (with the fiscal year running from July 1 onward); the technicians allege that starting in August 2001, the Department disbursed only $5 million of this allocation in these years, withholding potential extra payments such as bonuses, differentials, and merit increases.

Thereafter, on October 17, 2002, the Puerto Rico legislature reassigned to other uses the surplus Law 363 funds from fiscal years 2001 and 2002. It thus appears that the Department no longer has the funds originally available to pay for bonuses and other extra-base salary payments. The technicians say that the original failure to pay was itself retaliation by the Department warranting damages from the individual defendants.

This claim does not appear to be moot, but the attempt to assert it as a _federal_ claim comes too late in the day. Fairly read, the technicians' complaint put forward the claim based on the withholding of benefits as one invoking the district court's "supplemental jurisdiction"--that is, one arising under Puerto Rico law.[1] The district court, in its original decision dismissing the main retaliation claims as moot, declined to exercise supplemental jurisdiction. _Mendez-Soto I_, 306 F. Supp. 2d at 125.

On reconsideration in the district court, the technicians referred to the legislative repeal, but the district court appeared to regard this as a separate attack on the legislature's reassignment of funds, over which the defendants had no control. _Mendez-Soto II_, 334 F. Supp. 2d at 68-69. On appeal, the technicians offer little more than a cursory response to this characterization, along with an opaque passage referring us (unhelpfully) to _Ex Parte Young_, 209 U.S. 123 (1908).

Whatever interesting questions would be raised by a federal claim based on the withheld benefits, the technicians cannot now convert their original withheld benefits claim under Puerto Rico law into an independent federal claim under the first

[1]The magistrate judge found: "A review of both plaintiffs' complaint and amended complaint indicates that the claim for merit, seniority, bonuses and other benefits as a salary increase is a claim against state officials brought under state law. It is brought under Law 363. The amended complaint cannot be clearer in requesting the exercise of pendent jurisdiction over that claim."

amendment.  The magistrate judge and the district judge both reasonably construed the complaint as asserting a claim under Puerto Rico law, which was then properly dismissed when the main federal claim became moot.  28 U.S.C. § 1367(c)(3).

Affirmed.