NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2299
_____

J.T., on behalf of J.T.,
                                        Appellant

v.

NEWARK BOARD OF EDUCATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-12-03566)
Honorable Susan D. Wigenton, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
March 25, 2014

BEFORE: FUENTES, GREENBERG, and, VAN ANTWERPEN, Circuit Judges

(Filed: April 28, 2014)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

Appellant, a special needs middle-school student, filed this action claiming that

appellee, the State-Operated School District of the City of Newark, violated the

Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., by

refusing to provide in-class support services[1] at the middle school located closest to appellant's home, the Speedway Avenue School, which is about 443 feet from her residence. The School District, however, did offer J.T. in-class support at the Alexander Street School, which was located about .8 of a mile from her residence. J.T. did not accept the Alexander Street School placement and, instead, sought an injunction directing the School District to provide the support at the Speedway Avenue School. J.T. was unsuccessful both before an administrative law judge ("ALJ") and in the District Court which entered a judgment in favor of the School District on April 5, 2013. She then appealed to this Court.

In our review of the matter we recognized that because J.T. had graduated from the Speedway Avenue School during the litigation, her claim for injunctive relief might be moot. Accordingly, we directed the parties to file briefs on the mootness issue. The parties filed the briefs, both contending that the case was not moot because J.T. could seek compensatory education to substitute for the denial of the in-class support services at the Speedway Avenue School if she prevailed on this appeal. After we examined the parties' briefs, we brought their attention to the circumstance that J.T. may have waived her claim for compensatory education through the execution of an explicit waiver of that claim in the administrative proceedings before the ALJ. The School District then reversed its position and contended that the appeal was moot, but J.T. adhered to her contention that the appeal was not moot. We have determined that the case is moot, and,

---

[1] The program implicated in these proceedings is referred to as a Resource In-Class Support program ("RCI") as outlined in her Individualized Education Program ("IEP").

2

accordingly, we will dismiss the appeal as well as the entire case without prejudice to J.T. bringing an action seeking compensatory education in a separate proceeding.[2]

We supplement the foregoing abbreviated history of the case with some additional procedural history and facts. On October 27, 2011, J.T. initiated her administrative proceeding by filing a Petition for Due Process claiming that the School District had denied her a Free and Appropriate Public Education by seeking to place her in the Alexander Street School, where it would provide in-class support, rather than in the Speedway Avenue School, the school she had been attending. In her petition, J.T. requested, among other relief, compensatory education.[3] On January 31, 2012, J.T. signed a Joint Stipulation of Facts and Legal Issues in the administrative proceeding that expressly waived "all claims for compensatory education in connection with" her administrative claims, "notwithstanding the contentions set forth in her petition." A36. The ALJ found in favor of the School District on the merits of the case, and, in his opinion, noted that J.T. had waived all claims for compensatory education. Notwithstanding the ALJ's decision, J.T. remained in the Speedway Avenue School from which she ultimately graduated.

---

[2] In fact, J.T. already has instituted such a proceeding. We take no position on whether she will be entitled to relief in that proceeding.

[3] J.T. filed her petition under the IDEA, 20 U.S.C. § 1400 et seq., and section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

On June 13, 2012, J.T. appealed from the ALJ's decision to the District Court.[4] In her District Court complaint, J.T. sought a reversal of the ALJ's decision, an injunction compelling the School District to send her to the Speedway Avenue School with in-class support services, attorney's fees and costs, and "any such other relief as this Court determines necessary and proper." She, however, did not request that the School District be ordered to provide her with compensatory education to substitute for the denial of in-class support services at the Speedway Avenue School. The District Court affirmed the decision of the ALJ, and J.T. then appealed to this Court.[5] In her briefs in this Court, J.T. did not seek compensatory education and she limited her claim to a request for injunctive relief.

As we have indicated, although the School District initially had contended that notwithstanding her graduation the case was not moot, it has reversed its position and now claims that the case is moot because J.T. has waived her claim for compensatory education.[6] J.T., however, argues that the waiver applied only to claims accruing before

---

[4] The District Court had jurisdiction under 20 U.S.C. § 1415(i)(2).

[5] If this case were not moot, we would have jurisdiction under 28 U.S.C. § 1291.

[6] The School District argues that J.T. expressly waived all compensatory education claims accruing up to January 31, 2012, the date the Joint Stipulation was executed. The School District argues with respect to claims accruing after that date that J.T. is estopped from claiming compensatory education because J.T.'s mother caused the harm to J.T. by continuing to send her to the Speedway Avenue School, thus forfeiting J.T.'s claim for in-class support services. We need not linger on this estoppel point because J.T. expressly waived her right to compensatory education, without qualification, and did not seek compensatory education in the District Court. Accordingly, until this late stage of this litigation, she has prosecuted the case seeking only injunctive relief. In our view, this conduct—coupled with her express waiver—makes her ineligible for any type of

4

the waiver was executed, but that she may seek compensatory education for denial of in-class support services occurring after she filed her original Petition for Due Process on October 27, 2011.

Ordinarily, if a student has made a claim for compensatory education in an IDEA case, we can adjudicate her appeal even though she has graduated or moved to a residence within a different school district, a point that we made clear in D.F. v. Collingswood Borough Board of Education, 694 F.3d 488 (3d Cir. 2012). In D.F., the District Court, despite "[a]cknowledging that compensatory education was a potentially valid remedy," "nonetheless determined that [the student's] claims were moot" and dismissed the case because D.F. moved out of the school district to another state. Id. at 496. On D.F.'s appeal we reversed, and explained that claims for compensatory education, which compensate students "for rights the district already denied him," id. at 497 (internal quotation marks omitted), were not mooted by the out-of-district move, as we determined that such a result was necessary in order to effectuate the "very purpose of the IDEA." Id. at 499. D.F., however, is distinguishable from this case because D.F., unlike J.T., expressly sought compensatory education in the district court. See D.F. v. Collingswood Public Schs., 804 F. Supp. 2d 250, 255 (D.N.J. 2011).

Moreover, if a plaintiff did not seek compensatory education in the District Court and her request for equitable relief has become moot, we must dismiss the appeal if a provision for compensatory education had been the only possible remedy other than

_____

compensatory education in this action. We add, however, that we are not concerned on this appeal with the possibility that she might be able to obtain compensatory education services in a separate proceeding.

injunctive relief available to her in the district court. We cite several cases supporting this point. For example, in Thomas R.W. v. Massachusetts Department of Education, the Court of Appeals for the First Circuit found that a case was moot where on appeal the plaintiff sought reimbursement for educational expenses he incurred because he had "failed to articulate a claim for damages in the district court." 130 F.3d 477, 480 (1st Cir. 1997). Although the plaintiff attempted to raise his claim for reimbursement in his reply brief in the court of appeals, the court rejected this effort as "fall[ing] short of the requisite timeliness and formulation necessary to preserve a claim for damages." Id. Similarly, the Court of Appeals for the Seventh Circuit dismissed a case as moot even though on appeal the appellants sought damages to reimburse them for educational expenses they had incurred where the appellant "failed to articulate a claim for damages in the district court." Brown v. Bartholomew Consol. Sch. Corp., 442 F.3d 588, 597 (7th Cir. 2006). The court found that the appellants' attempt to raise a damages claim in their reply brief was insufficient, and thus it deemed the claim to be waived. Id. at 598. Likewise, the Court of Appeals for the Second Circuit has held that a claim for compensatory education raised only at oral argument, and not before the District Court, is insufficient to save an otherwise moot equitable claim. Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d 77, 90-91 (2d Cir. 2005).

Here, J.T. raised a claim for compensatory education when she initiated this action administratively but then expressly waived her right to that remedy. The ALJ and the District Court both addressed only the narrow question J.T. actually presented: whether she was entitled to in-class support at the Speedway Avenue School. See A95 (ALJ

6

noting that the issue "is a narrow one…whether [the in-class support program] must be provided in the neighborhood school, Speedway Avenue School"); A4 (District Court noting that the ALJ resolved a "narrow issue," and "the issue before this Court is whether the evidence supports the ALJ's decision").[7] We will not allow J.T. to raise a claim for compensatory education at this stage of litigation, after she expressly waived that claim before the ALJ and did not discuss that claim in the District Court or in this Court in her brief. Accordingly, we will dismiss the appeal as moot. In addition, we remand the matter to the District Court to vacate its judgment and to dismiss the case. See United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104 (1950); Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 217-18 (3d Cir. 2003). No costs will be allowed on this appeal.

---

[7] J.T.'s generalized prayer for relief in her complaint, requesting "any other relief the Court may deem just and proper," is insufficient to save her otherwise moot case from dismissal. See Arizonans for Official English v. Arizona, 520 U.S. 43, 71, 117 S.Ct. 1055, 1070 (1997) (ordering remand for dismissal of case as moot, observing that "claim for nominal damages, extracted late in the day from [a] general prayer for relief and asserted solely to avoid otherwise certain mootness, bore close inspection"); Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 141-42 (2d Cir. 1994) (dismissing case as moot and refusing to read damages claim into boilerplate prayer "for such other relief as the Court deems just and proper").