Yuan v. Barr

BIA
Schoppert, IJ
A205 196 828

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

GUISHENG YUAN,
*Petitioner,*

v.                                          16-3151

                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Gerald Karikari, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting
                           Assistant Attorney General;
                           Jeffery R. Leist, Senior
                           Litigation Counsel; Sarah K.
                           Pergolizzi, Trial Attorney,
                           Office of Immigration
                           Litigation, United States
                           Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guisheng Yuan, a native and citizen of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of Yuan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Guisheng Yuan,* No. A205 196 828 (B.I.A. Aug. 15, 2016), *aff'g* No. A205 196 828 (Immig. Ct. N.Y. City July 13, 2015).

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

For an application such as Yuan's, governed by the REAL ID Act of 2005, the agency may "[c]onsider the totality of

2

the circumstances," and base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his or his witness's statements, "without regard to whether" they go "to the heart of [his] claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64, 166-67 (2d Cir. 2008). "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks and citation omitted); *accord Hong Fei Gao*, 891 F.3d at 77. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. Applying these standards, we conclude that substantial evidence supports the agency's adverse credibility determination here.

First, the agency reasonably relied on Yuan's omission from his asylum application of his sisters' problems in China on account of their religion since the application explicitly

3

requested that information. *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's . . . silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."). Because the application form specifically asked whether family members experienced harm or mistreatment as members of religious organizations, the agency did not err by rejecting Yuan's explanation that he did not include this information because it was not the basis of his own claim. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Moreover, as the IJ observed, Yuan's sisters' persecution on the same ground on which Yuan claims to have been persecuted would be relevant to establishing that the Chinese government persecutes Christians in Yuan's home region.

Second, the agency reasonably found Yuan's ignorance of his sisters' religious practice and any harm they suffered in China implausible, given that Yuan lived with his sisters for most of his life, both sisters now live in the United States,

4

and Yuan and his sisters were the only Christians in their family. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007).

Third, the agency's adverse credibility determination is bolstered by the IJ's observations of Yuan's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The IJ's finding that Yuan's testimony appeared scripted because his answers were conclusory and lacked detail is supported by the record. *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir. 2004) (recognizing that an IJ "who assesses testimony together with witness demeanor is in the best position to discern, often at a glance,. . . whether a witness . . . [is] attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'"), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F3d 296 (2d Cir. 2007).

Moreover, the agency reasonably found Yuan's corroborating evidence insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony . . . in general makes an applicant unable to

5

rehabilitate testimony that has already been called into question.").[1]

Finally, the IJ reasonably declined to credit a certificate from Yuan's underground church in China, given that it purported to be from an unregistered and secretive organization but was printed on letterhead and contained multiple seals and Yuan's photograph. Yuan further did not have detailed information on how his friend obtained the letter. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted)).[2]

---

[1] Yuan did not exhaust a challenge to the IJ's finding that he should have provided statements or testimony from his sisters, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007), and the statements were available given Yuan's sisters' presence in the United States, *cf.* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

[2] Although the certificate did not rehabilitate Yuan's testimony, the agency erred in classifying the information about Yuan's arrests and detentions missing from the certificate as an omission because Yuan explained that he offered it only to show his church attendance. *See Hong Fei Gao*, 891 F.3d at 81-82. However, because the other findings provide substantial evidence for the adverse credibility determination, we do not find remand necessary. *See Xiao Ji Chen*, 471 F.3d at 339 (holding that remand is futile if we

In sum, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Contrary to Yuan's position, the adverse credibility determination extends to both his claims of past and future harm, and is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court

---

"can 'confidently predict' that the agency would reach the same decision absent the errors").